## JULIA A. RILEY *vs.* GEORGE R. HARRIS.

Suffolk.    November 20, 1900. — November 27, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Bite of Dog — Trespasser — Due Care — Action.*

At the trial of an action of tort, under Pub. Sts. c. 102, § 93, to recover double the amount of damages sustained by the plaintiff from a bite of the defendant's dog while the plaintiff was upon the defendant's land, it appeared that the plaintiff, who was in service in the neighborhood, at the invitation of a friend who was a friend of the defendant's servants, went with her to call upon them; that they were approaching the back door of the house by a back way when the dog rushed out and bit the plaintiff; and there was controverted evidence that the plaintiff heard barking as she approached the house. The judge instructed the jury that the plaintiff was not a trespasser, and could recover if she was in the exercise of due care. *Held,* that the defendant had no ground of exception.

TORT, under Pub. Sts. c. 102, § 93. At the trial in the Superior Court, before *Hopkins,* J., the defendant requested the following rulings: 1. Upon the evidence the plaintiff cannot maintain her action. 2. If the plaintiff was injured while trespassing upon the defendant's premises, and her trespass contributed to her injuries, she cannot recover. 3. If the plaintiff at the time she was injured was trespassing upon the defendant's premises, she cannot maintain this action under Pub. Sts. c. 103, § 93, without proof that the defendant's dog was vicious, or accustomed to bite mankind, or of some wilful act on the part of the defendant which tended to cause the plaintiff's injuries.

The judge refused to give the above rulings in form or substance, and instructed the jury that, as matter of law, upon the evidence in the case, the plaintiff was not a trespasser, and that the plaintiff was entitled to recover if she was in the exercise of due care.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*A. M. Lyman & D. C. Stanwood,* for the defendant.

*E. O. Achorn,* for the plaintiff, was not called upon.

HOLMES, C. J.  This is an action of tort brought under Pub. Sts. c. 102, § 93, to recover double the amount of damage sus-

tained by the plaintiff from a bite by the defendant's dog.    The
injury was received upon the defendant's land, and the defence
is that the plaintiff was there in her own wrong, or, at least, at
her own risk.    The plaintiff was in service, in the neighborhood,
it may be inferred, of the defendant.    At the invitation of a
friend who was a friend of the defendant's servants the plaintiff
went with her to call upon them.    This may have been techni-
cally open to dispute but it was uncontradicted, and the defend-
ant did not desire to dispute it.    They were approaching the
back door of the house by a back way when the dog rushed out
and bit the plaintiff.    There was controverted evidence that the
plaintiff heard barking as she approached the house.    Subject
to exceptions the court instructed the jury that the plaintiff was
not a trespasser, and could recover if she was in the exercise of
due care.

It does not seem to us to need argument that the plaintiff was
not a trespasser.    " There are cases . . . where the law will
imply a license . . . from the usages of the community.    Thus
it has been held that the entry upon another's close, or into his
house, at usual and reasonable hours, and in a customary man-
ner, for any of the common purposes of life, cannot be regarded
as a trespass."    *Lakin* v. *Ames*, 10 Cush. 198, 220.    *Hawks* v.
*Locke*, 139 Mass. 205, 207.    The private way upon which the
plaintiff seems to have been travelling imported a license to
approach the house for a social purpose familiar to every one
according to a practice common in this part of the world.
Therefore it is unnecessary to consider whether, if the plaintiff
were a trespasser, she could recover.    On the one hand, it may
be assumed that a burglar bitten by a dog would have no stand-
ing in court, as the use of the dog probably would have been
a legitimate defence not excluded by the statute.    On the other
hand, if the plaintiff manifestly was threatening no harm and
the dog was set upon her, or if it was kept with intent that it
should attack all comers, the case might fall within the prin-
ciple of the spring gun cases as explained in *Chenery* v. *Fitch-
burg Railroad*, 160 Mass. 211, 212, 213.

In a case between the extremes just suggested, such as is pre-
sented by the facts before us fairly taken, where there was no
malevolent intent on the defendant's part, it has been held that

even there the fact that technically the plaintiff was trespassing would not prevent a recovery at common law for an injury by an animal known to be dangerous. *Marble* v. *Ross*, 124 Mass. 44. *Loomis* v. *Terry*, 17 Wend. 496. *Sherfey* v. *Bartley*, 4 Sneed, 58. Compare *Quigley* v. *Clough*, 173 Mass. 429, 430 ; and, on stronger grounds, under a statute like ours, *Woolf* v. *Chalker*, 31 Conn. 121, 132. However this may be, we are of opinion that in the case of a licensee, which the plaintiff was, the statute applies. While, no doubt, a licensee must take some active forces upon the defendant's premises as he finds them, and cannot demand or expect precautions to be taken on his account, for instance, in the case of railroad trains run in the usual way upon tracks which the plaintiff is permitted to cross, there are others which, even at common law, the landowner could not set loose in undefined courses without regard to the lawful presence of others upon his land. He might be liable for random shooting with a rifle in a pasture where he permitted the public to pick berries, and, on the same principle, for allowing a dog known by him to be ferocious to range there unrestrained. *Kelly* v. *Tilton*, 2 Abb. (N. Y. App.) 495. The statute makes it unnecessary to prove the owner's knowledge of the character of the dog, or of the danger, and imposes the double liability in any case where at common law an owner knowing the danger would be liable. Whether it goes further we need not consider. Its language is broad, and we do not mean to limit it to the cases just mentioned.

The plaintiff testified that she did not hear barking upon the defendant's land. The defendant was allowed to go to the jury upon the question of her due care. This was sufficiently favorable for him. *Raymond* v. *Hodgson*, 161 Mass. 184, 185.

*Exceptions overruled.*