Pettingell, P. J.
Action of tort for a dog bite. The plaintiff in her declaration alleges that the dog bit her when she was not committing a trespass or other tort and was not teasing, tormenting or abusing the dog. She does not there allege that she was in the exercise of due care. The defendant’s answer was a general denial, contributory negligence, that the plaintiff was committing a trespass when she was bitten; and that the defendant was neither the owner or keeper of the dog.
At the trial it was admitted that the defendant was the keeper of the dog.
*150 In a “Memoranda: Bequests for Bulings and Findings of Fact”, the trial judge stated as follows:
“There was evidence tending to show in certain answers to interrogatories propounded by plaintiff to defendant that he, the deft, was the owner of said dog and that on the day in question the plaintiff went with her another to a beauty parlor or hairdresser shop at, or near, the corner of Mt. Auburn and Francis Streets in Watertown in said County about 1:30 P. M. and that about 5 o’clock P. M. while in said beauty parlor a young girl called and asked the plaintiff to ‘come out and play’ which the plaintiff did, and while at play in the yard where the young girl lived, with another girl named Natalli, which Natalli was about 9 years of age and three years older than the plaintiff; the girl that called the plaintiff to come out and play was about 6 years of age also, the dog owned by the defendant attacked the plaintiff, biting, scratching, bruising and tearing the person and body of the plaintiff as testified to by the doctor in attendance, three lacerations of right ear; three abrasions of right upper back and two, four inch abrasions on the lower right leg; the plaintiff at the instant of the attack was ‘ jumping rope. ’ It appeared in evidence that the yard where the plaintiff was playing* at the time she was attacked was next to the hairdresser shop where she was waiting* for her mother and that girl that called plaintiff out to play, lived in the house located in said yard. It appeared in evidence that deft, did not return from his usual work until 6:30 P. M. and deft’s wife left her home for her usual work at 3:00 P. M. on the day the plaintiff was attacked. On the believable, credible evidence Court finds as a fact, the dog was vicious, that the plaintiff was, as measured by her age, in the exercise of due care, and was not a trespasser at the time and prior to said attack hence Court finds for the plaintiff in the sum of $150.00.”
At the clo-se of the evidence the defendant filed five requests for rulings of law, as follows; these were all denied.
*151 “1. The evidence warrants a finding that the plaintiff was not in the exercise of due care. 2. The evidence warrants a finding that the plaintiff was a trespasser. 3. The 'plaintiff is not entitled to recover on her declaration. 4. The requirement of due c,are has not been alleged and proved. 5. There is insufficient evidence to warrant a finding that at the time of the alleged injuries the plaintiff was not a trespasser. ”
It appears from the docket entries that the defendant’s request for a report was duly filed, December 21, 1943, and that a draft report was filed, December 27, 1943; that January 10, 1944, the plaintiff filed a motion to amend her declaration; that there was a hearing on the draft report, January 14,1944; that on March 4,1944, the report was allowed as was the motion to amend the declaration. At the oral argument before this Division, there was a discussion of this amendment to the declaration and its effect, the defendant admitting that it was an allegation of due care, but claiming that it came too late to be of any effect.
The defendant’s contentions are three in number; (1) that the plaintiff was obliged to set up that she was in the exercise of due care; (2), that the amendment to the declaration, alleging the exercise of due care, after the trial was too late to cure the omission, and in any event Is not mentioned in the report; (3), that the judge’s finding that the plaintiff was not a trespasser was based on evidence given by the plaintiff, who was not sworn, and is no evidence. From 1, 2 and 3, the defendant draws the deduction that no finding could be made for the plaintiff and judgment must be entered for the defendant.
As to pleading due care. If the plaintiff was under obligation to plead due care and did not do so, the defend *152 ant’s remedy was to demur to the declaration. If he did not demur, and allowed the plaintiff to go to trial on the declaration as originally drawn, and there was at the trial evidence of the plaintiff’s due care, the plaintiff can recover despite the defect in the declaration not demurred to. Clay v. Brigham, 8 Gray 161, at 162. The “defect was one merely of pleading and was waived by the failure of the defendant to take the point before trial.” Rainault v. Evarts, 296 Mass. 590, at 595.
G. L. 231, Section 85, however, provides that in such a case as this the plaintiff “shall be presumed to have been in the exercise of due care, and contributory negligence on his part shall be an affirmative defense to be set up in the answer and proved by the defendant.”
On the plaintiff’s evidence the trial judge could find as he definitely did, that the plaintiff was not a trespasser, there being evidence that she was invited in to the enclosure, where the dog was, by the defendant’s daughter. We do not believe the law to be that a child, invited by another child upon the premises where the inviting child lives, is a trespasser if he accepts the invitation.
“The law will presume a license from the nature and exigencies- of the case the relation of the parties, and the well established usages of a civilized and Christian community.” Lakin v. Ames, 10 Cush. 198, at 221. Hawkes v. Locke, 139 Mass. 205, at 207. Riley v. Harris, 177 Mass. 163, at 164. Commonwealth v. Richardson, 313 Mass. 632, at 639, 640.
There was evidence, therefore, from which the judge could find that the plaintiff was not a trespasser, also evidence that the plaintiff did not do anything to the dog. There was no other evidence concerning the activities of the plaintiff with relation to the dog. In the language of DeFuria v. Mooney, 280 Mass. 447, at 448,
*153 “There were no admitted or indisputable facts by which the plaintiff was bound as to the way in which he reached the street sufficient to overcome this presumption.” of G. L. (Ter. Ed.) C. 231, Section 85.
It has been held that a child of six cannot be said as matter of law to be incapable of exercising due care. DeFuria v. Mooney, supra, Dirsa v. Hamilton, 280 Mass. 482, at 487, 488. Stacy v. Dorchester Awning Co., 290 Mass. 356, at 360. See, also, Mercer v. Union Street Railway, 230 Mass. 397, at 407; Griffin v. Feeney, 279 Mass. 602, at 606; Mulroy v. Marinakis, 291 Mass. 421, at 423, 424.
There was in addition to the presumption created by Gf. L. (Ter. Ed.) C. 231, Section 85, evidence from the plaintiff which effectively disposes of those requests which have to do with the sufficiency of evidence relating to findings that the plaintiff was or was not a trespasser. This brings us to the plaintiff’s contention that the plaintiff’s evidence is to be disregarded because she was not sworn as a witness.
In his argument before this Division the attorney for the defendant stated that at the time the plaintiff testified he knew that she had not been sworn. He said, also, that despite that knowledge he did not call the attention of the court to.the omission; that he considered that he was entitled to utilize the failure to swear the witness for the benefit of his client, and to consider the plaintiff’s testimony as not before the court.
There is law, definite and conclusive, contrary to the defendant’s contentions. In the first place, no one has a vested right in such an error as was committed here. Slocum v. Natural Products Co., 292 Mass. 455, at 458. Greater than the responsibility of his attorney to the 9 defendant was the obligation which the attorney owed the *154 court, of which he was an officer, sworn to do his duty, which, in this instance, was to call to the attention of the court the failure to administer the oath to the witness before she testified. If the attorney for the defendant intended to make any claim of error on the part of the court in receiving evidence from a witness to whom the oath had not been administered and knew that such was the case it was his duty, in order to save his rights, to call to the attention of the court the fact, that the oath had not been administered to the witness before the witness testified. The Appellate Division can hear and decide only issues of law raised and ruled upon in the District Court. Massachusetts Building Finish Co. v. Brenner, 288 Mass. 481, at 484. Commissioner of Banks v. T. C. Lee & Co. Inc., 291 Mass. 191, at 193. Bresnick v. Heath, 292 Mass. 293, at 296. Himmelfarb v. Novadel Agene Corp., 305 Mass. 446, at 449. In this case there was a failure to swear a witness, nothing said about it, although the defendant’s attorney knew about it, and no question of law raised. No ruling was requested and none made. Under these circumstances the defendant must be held to have waived his right to object now. In Cady v. Norton, 14 Pick. 236, where there was a similar situation, Chief Justice Shaw said, at page 237,-
“Taking the fact as stated, the Court are of opinion, that the defendant, knowing that the witness had not been sworn, before the case went to the jury, without giving notice thereof to the court, or taking any exception, has waived his right to accept after. a verdict. So where an exception may be taken to a juror or a witness, the right to except is- a privilege, which the party may waive; and if the ground of exception is known and not seasonably taken, by implication of law, it is waived. This pro *155 ceeds upon two grounds; one, that if the exception is intended to be relied on, and is seasonably taken, the omission may be supplied, or the error corrected, and the rights of all parties saved. The other is, that it is not consistent with the purposes of justice, for a party knowing of a.secret defect, to proceed and take his chance for a favorable verdict with the power and intent to annul it, as erroneous and void, if it should be against him. * * *
“These considerations, of course, apply to matters of form and exceptions, which a party has a right to waive; and it is obvious that the exception insisted, on is of that kind. It is competent to parties, and indeed is not uncommon in practice, by consent, to receive the statement of a person as evidence, who is not sworn.
“In the present ease, if notice had been seasonably given and the exceptions taken, the witness might probably have been recalled; if hot the jury should have been discharged to avoid giving* an erroneous and useless verdict. Hah the witness been recalled, and confirmed his testimony on re-examinatian, the defect would have been cured; had he refused to do so, the cause might have been withdrawn from the jury, or other proper course adopted. But a verdict having been taken, with knowledge of the omission of the witness to be sworn in, through inadvertence of all parties, the objection comes too late, and cannot affect the validity of the verdict.”
In this case there is absolutely nothing to show that the failure of the proper official to swear the plaintiff was anything more than an inadvertence as in the quoted case. It was in the hands of the defendant to call attention of the court to the omission, but in the words of his attorney, he chose to remain silent in order to have a ground of defense if the decision should be against him. This he cannot do. If knowing of the defect he remains silent, he waives the defect.
*156 The only remaining question is whether there was any error in the disposition of the defendant’s rulings requested which is not covered by what already has been said..
The first, third, fourth and fifth requests are thus disposed of. The second request should have been given or else its denial should have been more explicitly explained. The trial judge, if he believed the testimony of the defendant’s wife, and disbelieved that of the plaintiff could have found that the plaintiff was plainly notified to keep out of the defendant’s premises but nevertheless went in. On the other hand there was evidence, as has been pointed out, that the plaintiff went on the premises upon the invitation of the defendant’s daughter. The trial judge reviewed the evidence at length and then stated that he found as fact, on the believable, credible evidence, that the plaintiff was not a trespasser at the time and prior to the attack. We believe that this is more conclusive than Strong v. Haverhill Electric Co., 299 Mass. 455, in which there was similar error in the denial of a request which should have been given. In that case the error was held not prejudicial because the trial judge did consider the evidence. He stated in that case.. “In the light of all the circumstances I do not find that the defendant was negligent in the construction or maintenance of the manhole”. Here, after reciting the evidence the judge said, “On the believable, credible evidence the court finds as a fact, * * * that the plaintiff was not a trespasser.” There was evidence that warranted such a finding.
In this case as in that, “the result of the case does not depend upon the refusal to rule and the ruling implied in that refusal,” but upon a careful study of the evidence.
Na prejudicial error appearing, the report is dismissed.