Aguiar, J.
This appeal raises the issue of whether the trial judge erred in finding that the plaintiff, a minor, was not a trespasser when he entered the defendant’s yard to return a baseball hat that belonged to the defendant’s grandson.
We find there was no error.
This is a dog bite case. The defendant’s yard was enclosed by a fence and there was a “beware of dog” sign posted on the picket fence. The front gate was closed but not locked. Plaintiff opened the gate, walked up to the front door, which was open, and rang the doorbell but no one answered. Defendant’s dog came running around the side of the house and bit the plaintiff on his face.
The evidence is in dispute as to whether the defendant told plaintiff that he must call first and get permission before coming into the yard and whether there were any “no trespassing” signs posted at the time of this incident.
Plaintiff testified that the defendant never told him not to come over unless he called first and got permission. Plaintiff also testified that there were not any “no trespassing” signs but only a “beware of dog” sign. On the other hand, the defendant testified that he told plaintiff to stay out of the yard and let them know when he was coming over. Jordan Golb, a witness for the defendant, testified that the defendant told him and plaintiff to call first before coming over. Golb also testified that there were “no trespassing” signs posted.
Prior to this incident plaintiff had been to defendant’s home to visit his grandson on several occasions and never called to get permission before entering the yard.
Defendant would have given plaintiff permission to come onto his property if he had asked.
Jordan Golb testified that he had been to the defendant’s house more than thirty times and never called before going over. He also testified that the defendant’s grandson is a closer friend than the plaintiff.
The trial judge, as finder of fact, is the sole judge of the credibility of witnesses and may accept or reject the testimony of any witness, in whole or in part after considering their conduct, demeanor, frankness and the reasonableness of their testimony, along with interest or motive in the outcome of the case.
It is apparent that Judge Ryan, as the finder of fact, chose to believe the plaintiff instead of the defendant and his witness Jordan Golb.
“It has been held that entry upon another’s close, or into his house, at usual and reasonable hours, and in a customary manner, for any and all the common purposes of life, cannot be regarded as a trespass.” Riley v. Harris, 177 Mass. 163, 164 (1900).
We find that the trial judge’s decision was not clearly erroneous.
For all of the above reasons the appeal is dismissed.