2008 VT 55

**STATE of Vermont v. Mandy CRAM**

[955 A.2d 528]

No. 07-054

¶ 1. May 1, 2008. Defendant appeals a ruling of the Addison District Court denying her motion to dismiss charges under the unlawful trespass statute, 13 V.S.A. § 3705(d). Following the district court's ruling, defendant entered a conditional guilty plea, reserving the right to appeal the denial. Defendant also pled guilty to driving with a suspended license. 23 V.S.A. § 674(a)(2). On appeal, defendant claims that the State failed to make out a prima facie case, as there is insufficient evidence in the record to warrant a finding that she committed unlawful trespass. She therefore argues that the district court erred in denying her motion to dismiss. She leaves undisturbed her guilty plea in the motor-vehicle charge. We affirm.

¶ 2. Defendant moved to dismiss the unlawful trespass charges under V.R.Cr.P. 12(d) for lack of a prima facie case. In reviewing defendant's argument, we consider whether the evidence, "taken in the light most favorable to the State, excluding modifying evidence, would fairly and reasonably tend to show defendant committed the offense, beyond a reasonable doubt." *State v. Millette*, 173 Vt. 596, 596, 795 A.2d 1182, 1183 (2002) (mem.). "By modifying evidence, we mean exculpatory evidence introduced by defendant, such as countervailing testimony." *State v. Gibney*, 2003 VT 26, ¶ 14, 175 Vt. 180, 825 A.2d 32.

¶ 3. In light of this standard of review, the relevant facts are as follows. The complainant-homeowner and his wife live in a home set several hundred feet back from a rural road in Salisbury, Vermont. There are no close neighbors. Their driveway curves around the side of the house, ending at a garage at the back of the house, so that any vehicle parked in front of the garage is obscured from view to any passing travelers. The homeowner has four telephones on the first floor of the house: in the mudroom, kitchen, living room, and office. The home had been burglarized in late August 2006.

¶ 4. Around 10 a.m. on September 5, 2006, the homeowner was at home and using the bathroom. On exiting the bathroom, the homeowner encountered defendant standing in his living room, whereupon she informed the startled homeowner that she needed to use the telephone. The homeowner handed defendant a telephone, and she placed a brief call before driving away. According to the homeowner's sworn statement, defendant had parked her vehicle behind the house in a position not visible from the road. He also stated that the home's exterior doors were locked, with the exception of a door to the garage and a cellar door.

¶ 5. While it is unclear from the record through which door defendant entered the home, the homeowner testified defendant would have had to walk past at least one telephone, and possibly past three telephones, to reach the place in the house where he discovered her. The homeowner further testified that after defendant left he immediately called the state police to report the incident.

¶ 6. Based on the homeowner's description of defendant's vehicle, the police soon located defendant. Defendant told the state trooper who apprehended her that her car was overheating and she entered

the residence to call her husband for help. When the trooper asked for identification, defendant presented a nondriver photo ID card, bent and cracked in a manner the trooper averred was consistent with "being used to pry open doors as is commonly known and practiced." The trooper then cited defendant for felony unlawful trespass and driving with a suspended license.

¶ 7. Vermont's unlawful trespass statute is based on the Model Penal Code, see *State v. Fanger,* 164 Vt. 48, 52, 665 A.2d 36, 38 (1995), adopted by the American Law Institute in 1962, and reads: "A person who enters a dwelling house, whether or not a person is actually present, *knowing that he is not licensed or privileged to do so* shall be imprisoned for not more than three years or fined not more than $2,000.00, or both." 13 V.S.A. § 3705(d) (emphasis added). Since there is no question that defendant entered homeowner's dwelling, this appeal turns on the knowledge requirement.

¶ 8. States that have adopted the Model Penal Code language in their unlawful trespass statutes have generally found that " 'licensed' refers to a consensual entry while 'privileged' refers to a nonconsensual entry." *State v. Kreth,* 150 Vt. 406, 410, 553 A.2d 554, 556 (1988). Since it is clear from the record that the homeowner had never before met defendant and had not consented to her presence in his house, the only argument available to defendant on appeal is that she believed she was privileged to enter the dwelling. However, the distinction between license and privilege is largely irrelevant in this case because defendant does not specifically argue she was privileged to be in the house; she argues merely that the State failed to show that she did not know she was not privileged to be in the house.

¶ 9. We recognize that the knowledge requirement is analyzed under a subjective standard and that the State has not presented any direct evidence that shows defendant knew that she had neither privilege nor license to enter the home. However, given the difficulty in proving intent by direct evidence, intent often "must be inferred from a person's acts and proved by circumstantial evidence." *State v. Cole,* 150 Vt. 453, 456, 554 A.2d 253, 255 (1988).

¶ 10. We hold that defendant's acts and the surrounding circumstantial evidence support an inference of guilt sufficient to sustain the trial court's denial of defendant's motion to dismiss. Defendant drove her car to the back of the house where it would be hidden from the road. While she may have knocked, as she alleges, she then somehow entered the home without permission of the homeowner and walked past at least one — and as many as three — telephones before encountering the homeowner. Neither the circumstances described by the homeowner, nor defendant's appearance within the house, suggest a privilege to enter the residence without permission, such as the privilege available to a firefighter, police officer, EMT, relative, or neighbor. Defendant then "beat feet" for the door and made no effort to use the telephone until the homeowner handed the telephone to her. Finally, defendant possessed an item that, according to the trooper's affidavit, could be used to pry open doors. The totality of this circumstantial evidence was sufficient for the district court to deny defendant's motion to dismiss.

¶ 11. Relying on cases such as *Botka v. Estate of Hoerr,* 21 P.3d 723 (Wash. Ct. App. 2001), *Riley v. Harris,* 58 N.E. 584 (Mass. 1900), and *Jacobs v. City of Jacksonville,* 762 F. Supp. 327 (M.D. Fla. 1991), defendant argues on appeal that permission to enter another's property "may be implied from custom." *Jacobs,* 762 F. Supp. at 330 (citation omitted). However, these cases are easily distinguishable from our case as all involved legitimately expected entries onto private

land. *Botka* involved a hospice nurse specifically assigned to visit a homeowner who frequently entered the home for caregiving reasons. In *Riley*, a dog bit the plaintiff on property in which she was a licensee; there was no question of the plaintiff's right to enter the property. Finally, *Jacobs* involved city-licensed, door-to-door candy salesmen charged only with violating the city's anti-solicitation law.

¶ 12. In contrast to the defendants in these cases, Ms. Cram actually entered a private dwelling without permission of homeowner and with no evidently legitimate reason for doing so. Nevertheless, she suggests a custom of allowing stranded motorists in rural areas to enter homes to use the telephone.* We know of no such custom.

¶ 13. In sum, the State presented sufficient circumstantial evidence that defendant was not licensed or privileged to enter homeowner's house to allow the district court to deny defendant's motion to dismiss.

*Affirmed.*

---

* This argument is vaguely reminiscent of a necessity defense, which excuses criminal conduct in certain circumstances. See *State v. Cram*, 157 Vt. 466, 469, 600 A.2d 733, 734-35 (1991) (unrelated case). Defendant failed to raise the necessity defense with the district court, which precludes her raising it on appeal. *Adams v. Adams*, 2005 VT 4, ¶ 15, 177 Vt. 448, 869 A.2d 124.