2015 VT 39

# State of Vermont v. Louis Fucci, Jr.

[117 A.3d 419]

No. 13-151

Present: Reiber, C.J., Dooley, Skoglund and Robinson, JJ., and Maley, Supr. J., Specially Assigned

Opinion Filed February 13, 2015

*Michael R. Kainen*, Windsor County State's Attorney, and *Bob Liu*, Law Clerk (On the Brief), White River Junction, for Plaintiff-Appellee.

*Matthew F. Valerio*, Defender General, and *Rebecca Turner*, Appellate Defender, Montpelier, for Defendant-Appellant.

¶ 1. **Skoglund, J.** Defendant pled guilty to two counts of endeavoring to procure or hire another person to commit a felony — first-degree murder — and one count of obstruction of justice by seeking to have an opposing party in a civil lawsuit killed. He appeals his conviction for obstruction of justice by challenging the validity of his guilty plea. He contends that: his conviction is void because the State failed to establish jurisdiction over the matter; the plea was unsupported by a factual basis; and, without establishing that he had the "requisite evil purpose" to obstruct the due administration of justice, his plea was involuntary. We affirm defendant's conviction.

484

¶ 2. The relevant alleged fact underlying the State's prosecution is this: Defendant tried to hire someone to kill an opposing party in a civil lawsuit, but the hiree turned out to be a confidential informant for law enforcement. The State originally charged defendant, in September 2011, with two counts of attempted first-degree murder and two counts of inciting to felony. The State amended its information twice[1] before finally charging defendant with one count of obstruction of justice, in violation of 13 V.S.A. § 3015, and two counts of inciting to felony, in violation of 13 V.S.A. § 7.

¶ 3. On March 15, 2013, defendant was arraigned on the new obstruction of justice charge and pled guilty.[2] The court ordered a sentence of ten-to-fifteen years imprisonment. Although defendant did not object to the substance or form of the State's factual basis or the court's plea colloquy during that hearing, defendant filed this appeal.

¶ 4. ■ "A defendant who fails to object to an error during the plea colloquy may obtain reversal only upon a showing of plain error." *State v. Marku*, 2004 VT 31, ¶ 22, 176 Vt. 607, 850 A.2d 993 (mem.) (citing *State v. Cleary*, 2003 VT 9, ¶ 16, 175 Vt. 142, 824 A.2d 509). As noted, defendant raised no objections, so we review for plain error. On questions regarding the scope of jurisdiction, however, our review is de novo. *In re Russo*, 2013 VT 35, ¶ 11, 193 Vt. 594, 72 A.3d 900.

¶ 5. Defendant first contends that because he did not admit or agree to the location of the charged obstruction of justice — that is, that his efforts to hire a hit man took place within the State of Vermont — the trial court lacked jurisdiction to accept his plea and convict him. Defendant's argument is procedural, not substantive — he does not contend that the court lacked jurisdiction because the alleged crime actually occurred outside the boundaries of Vermont, but rather that the absence of the alleged crime's location from the plea-colloquy record deprived the court of jurisdiction. Defendant's analysis is flawed.

¶ 6. ■ ■ Vermont Rule of Criminal Procedure 11 requires that the plea-colloquy record show "that the elements of each offense

---

[1] The reasons for which the State amended the information are not relevant to this appeal.

[2] Prior to that hearing, defendant had pled guilty to the two inciting-to-felony charges, and he does not challenge those pleas on appeal.

were explained to the defendant and that a factual basis for each element was admitted." *In re Kasper*, 145 Vt. 117, 120, 483 A.2d 608, 610 (1984); see also *In re Stocks*, 2014 VT 27, ¶¶ 14-15, 196 Vt. 160, 94 A.3d 1143 (explaining the requirements of Rule 11(f)). The location of the alleged act, however, while essential to jurisdiction, is not an element of the crime of obstruction of justice. See 13 V.S.A. § 3015 (punishing "[w]hoever corruptly . . . endeavors to obstruct . . . the due administration of justice"); cf. *State v. Williams*, 137 Vt. 360, 362, 406 A.2d 375, 376 (1979) (rejecting argument that inconsistency between State's formal charge and State's proof as to date of alleged act rendered conviction void, and noting that "time of commission is not an essential element calling for precise proof as pleaded"). The strictures of Rule 11(f) therefore do not apply to geographic location, and defendant's procedural challenge fails.

¶ 7. ■ Defendant next argues that his plea is invalid because the factual basis of the plea colloquy failed to establish that he committed the overt act required for a violation of the obstruction-of-justice statute. "The 'factual basis' requirement reinforces the goal of ensuring knowing and voluntary pleas." *Stocks*, 2014 VT 27, ¶ 13. It does so by ensuring that "even a plea entered voluntarily without force or threat, and with full understanding of the elements of the charge, the potential penalties, and rights waived, is warranted by underlying facts." *Id.* (citations omitted). While no "particular formula [exists] for determining that there is a factual basis for the plea," *id.* ¶ 15, our cases interpret Rule 11(f) to " 'require that the defendant admit to and possess an understanding of the facts as they relate to the law for all elements of the charge' " to which the defendant has pled guilty. *Id.* ¶ 14 (emphasis omitted) (quoting *State v. Yates*, 169 Vt. 20, 24, 726 A.2d 483, 486 (1999)).

¶ 8. ■ The omnibus provision of 13 V.S.A. § 3015 requires proof that a defendant "endeavor[ed] to obstruct . . . the due administration of justice." The term "endeavored" does not require success in a defendant's attempt to obstruct justice; a mere effort satisfies that element. *State v. Wiley*, 2007 VT 13, ¶ 15, 181 Vt. 300, 917 A.2d 501 (citing *United States v. Aguilar*, 515 U.S. 593, 599 (1995)). Defendant reads *Wiley* as holding that an "endeavor" is synonymous with an attempt. While we interchanged "endeavor" and either "attempt" or "attempted" a few times in *Wiley*, we

discussed nothing about the actus reus of attempt; thus, we used "attempt" for its ordinary connotation, rather than its special legal meaning, as defined in 13 V.S.A. § 9(a). See *id.* We acknowledge that other courts have held that the effort necessary to fulfill the actus reus element of the federal obstruction-of-justice statute is less than that for attempt, M. Harrington & B. Schiffelbein, *Obstruction of Justice*, 51 Am. Crim. L. Rev. 1477, 1486 (2014) (citing cases), but we need not decide whether under Vermont law the steps necessary for an endeavor are the same as for an attempt because defendant's admitted acts would satisfy either standard.

¶ 9. ▆ ▆ The prosecutor recited the following facts, which defendant agreed were true, at the plea colloquy:

> In the summer of 2011 a civil law suit was pending entitled B.W., et al. v. Louis Fucci, Jr., et al. Mr. Fucci was a civil defendant in that action. He believed he had reached an agreement with another person to have the civil plaintiff, B.W., killed, and in so doing he sought to knowingly, wrongfully, and unlawfully obstruct the due administration of justice.

See *Stocks*, 2014 VT 27, ¶ 15 ("A recital of the facts by the prosecutor together with a statement by the defendant confirming their accuracy . . . satisf[ies] [Rule 11(f)]."). Defendant contends that the sole operative verb in that sentence is "believed," which indicates only a state of mind, not the overt act of "endeavoring." This argument ignores the context of "believed" and a common-sense understanding of the whole sentence. Logic tells us that defendant could not have believed he had reached an agreement without having endeavored to reach that agreement. In that context, "believed" describes defendant's assessment of the success of his endeavor. If the State proved at trial that defendant believed he had hired someone to kill the opposing party in a civil lawsuit, a reasonable jury could find beyond a reasonable doubt that defendant had thereby made a "mere" effort to obstruct the due administration of justice. We are satisfied that the court fulfilled its duty under Rule 11(f) to ensure that defendant agreed to a sufficient factual basis for the "endeavor" element.

¶ 10. ▆ Defendant lastly argues that his plea was involuntary because he admitted to no facts establishing the requisite mens

rea for obstruction of justice. The phrase "corruptly endeavor" is the culpable state of mind for this offense. See *Wiley*, 2007 VT 13, ¶ 15 (citing *Aguilar*, 515 U.S. at 599). This Court has not interpreted that term of the statute,[3] but we save that surely substantial analysis for a case that more squarely presents the issue.

¶ 11. For purposes of this case, we look to, but do not adopt, federal precedent interpreting 18 U.S.C. § 1503,[4] the statute on which Vermont's obstruction-of-justice law is based. See *Wiley*, 2007 VT 13, ¶ 15 (relying on case law interpreting the actus reus element of the "nearly identical" omnibus provision of the federal obstruction-of-justice statute). The U.S. Supreme Court held long ago in *Pettibone v. United States*, 148 U.S. 197 (1893), that the original omnibus provision of the obstruction-of-justice statute,[5] which has remained largely unchanged, required (1) knowledge or notice of an administration of justice; and (2) the "specific intent to violate the statute" by interfering with that administration. *Id.* at 207. In *Aguilar*, the Supreme Court elaborated on these holdings of *Pettibone* by establishing that the defendant must have "knowledge that his actions are likely to affect [a] judicial proceeding" and that his endeavor must have the "natural and probable effect" of interfering with that proceeding. 515 U.S. at 599 (quotation omitted).

¶ 12. Recognizing that evidence of intent under the obstruction of justice statute is nearly always circumstantial, e.g., *United States v. Blair*, 661 F.3d 755, 766 (4th Cir. 2011), federal appeals

---

[3] Although the State suggests in its brief that *State v. McHugh*, 161 Vt. 574, 635 A.2d 1200 (1993) (mem.), interpreted "corruptly endeavor" to require specific intent, we find that reading of the case untenable. The question before this Court in *McHugh* was whether the omnibus provision of 13 V.S.A. § 3015 is overbroad in violation of the First Amendment. While we acknowledged the similarity between the federal and Vermont obstruction-of-justice statutes, and we discussed federal case law interpreting the term "corrupt," we made no holding regarding the level of intent it commands. *Id.* at 575-76, 635 A.2d at 1201-02.

[4] The omnibus provision of the federal obstruction-of-justice statute provides: "Whoever . . . corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided . . . ." 18 U.S.C. § 1503(a).

[5] The statute as it then existed punished " '[e]very person who . . . corruptly, or by threats or force, obstructs or impedes, or endeavors to obstruct or impede, the due administration of justice.' " *Pettibone*, 148 U.S. at 197 (quoting U.S. Rev. Stat. § 5399 (1878)).

courts have struggled with how to properly interpret "corruptly endeavor." Some courts have held that the mens rea element is satisfied where the government shows that the defendant's acts would reasonably and foreseeably have obstructed the due administration of justice. See, e.g., *id*. Others have required the prosecution to show that the defendant had a corrupt or evil motive. See, e.g., *United States v. Brady*, 168 F.3d 574, 578 (1st Cir. 1999) ("[T]o make any sense out of the statute, 'corruptly' needs to have some content beyond mere knowledge of consequence."). We need not decide which of these approaches § 3015 commands because under either, defendant's admissions at the plea colloquy satisfied the mens rea element.

¶ 13. It is elementary that a defendant's intent may be inferred from the nature of his acts. See, e.g., *State v. Johnson*, 2013 VT 116, ¶ 29, 195 Vt. 498, 90 A.3d 874 (holding victim's two-inch laceration on neck "sufficiently serious as to prove specific intent to kill, regardless of what the perpetrator said at the time"). This principle applies equally to jury convictions and guilty pleas. See *State v. Cram*, 2008 VT 55, ¶¶ 1, 9, 184 Vt. 531, 955 A.2d 528 (mem.).

¶ 14. ■ The factual basis for defendant's culpable mens rea is evident from both the explicit language of defendant's admitted state of mind — that "he sought to knowingly, wrongfully, and unlawfully obstruct the due administration of justice" — and the nature of defendant's admitted act — that "[h]e believed he had reached an agreement with another person to have the civil plaintiff, B.W., killed." Defendant contends that "knowingly, wrongfully, and unlawfully" do not indicate specific intent. While those terms may not independently express willful behavior, their context does. The operative verb that "knowingly, wrongfully, and unlawfully" modify is "obstruct." It indirectly operates through defendant, the subject of the sentence, by way of the auxiliary verb "sought." Seeking is a deliberate, willful action. See The American Heritage College Dictionary 1234 (3d ed. 1993) (defining "seek" as "[t]o endeavor to obtain or reach"). Seeking to obstruct is endeavoring to obstruct. Modifying "obstruct" with the adverbs "knowingly, wrongfully, and unlawfully" bolsters, rather than diminishes, the willfulness of defendant's act.

¶ 15. ■ To the extent the word "corruptly" adds a requirement of evil motive on top of the specific intent to obstruct the

due administration of justice, the nature of defendant's admitted endeavor evinces such a motive. Seeking to have the opposing party in a civil lawsuit killed is obviously a corrupt and evil obstruction of justice. If proved at trial, a reasonable jury could infer from the nature of this act alone that defendant's purpose was to obstruct the civil trial proceeding, that the act would reasonably and foreseeably result in obstruction of justice, and that his motive was not innocent, but rather corrupt and evil. The change-of-plea court therefore did not err in determining that defendant admitted to a factual basis sufficient to support the mens rea element.

*Affirmed.*