*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-266

JULY TERM, 2016

| | |
|---|---|
| In re Andrew Dashno, Jr. | } APPEALED FROM:<br>}<br>} Superior Court, Chittenden Unit,<br>} Civil Division<br>}<br>}<br>} DOCKET NOS. 397-4-14/1052-10-13<br><br>Trial Judge: Helen M. Toor |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the trial court's order dismissing his petition for post-conviction relief (PCR). On appeal, he argues that the plea colloquy in his underlying criminal case was insufficient because the criminal court failed to establish a factual basis for the plea. We affirm.

In January 2013, petitioner pleaded guilty to aggravated assault with a deadly weapon in violation of 13 V.S.A. § 1024(a)(2). At the colloquy he admitted to shooting the victim with a gun and causing bodily injury, but denied that it was his intent to cause bodily injury. In October 2013, petitioner filed a PCR petition. Petitioner later filed a second PCR, which was consolidated with the first case. Among other things, petitioner argued that the plea colloquy failed to comply with the requirements of Vermont Rule of Criminal Procedure 11(f) because during the colloquy he explicitly denied acting with the intent of causing bodily injury. The trial court granted summary judgment to the State, concluding that although petitioner denied acting with the intent of causing bodily injury, the mens rea for the crime was knowing and this intent could be inferred from petitioner's admissions that he shot the victim and caused the victim bodily injury.

On appeal, petitioner argues that the plea colloquy failed to establish a factual basis for the plea. Rule 11(f) states that "the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." The factual basis requirement of Rule 11(f) "reinforces the goal of ensuring knowing and voluntary pleas" and to satisfy this requirement, there must be a "specific inquiry by the judge into the factual basis for the plea." In re Stocks, 2014 VT 27, ¶¶ 13, 15, 196 Vt. 160. There is no particular formula that is required, but it is sufficient if the defendant admits to the facts during the colloquy or confirms the accuracy of the facts as recited by the prosecutor. Id. ¶ 15.

At the change-of-plea hearing, the prosecutor set forth the basic facts underlying the charge. He explained that petitioner approached the victim, who was walking his dog, and was agitating for a fight while holding a bat. The victim produced a gun, which fell to the ground.

Petitioner picked up the gun and shot the victim from about ten to fifteen yards away. The court then outlined for the petitioner that to prove the aggravated assault,

> the State would have to prove that [petitioner] intentionally caused bodily injury to [the victim] with a deadly weapon. . . . They would have to prove that [petitioner] knowingly caused bodily injury. In other words, the gun didn't go off accidently. It was [petitioner's] intention to cause bodily injury to [the victim] by shooting him. That was [his] conscious objective or goal.

Petitioner confirmed that he understood the aggravated assault count. The court also had the following exchange with defendant:

> THE COURT: All right, then you admit that on November 10th of 2012 that first of all that you caused some bodily injury to [the victim] by shooting at him with a—a gun?
>
> [PETITIONER]: Yes.
>
> THE COURT: And was it your intent to cause bodily injury to him by shooting at him?
>
> [PETITIONER]: No.
>
> THE COURT: It wasn't? What was your intent?
>
> [PETITIONER]: To get out of the situation and defend myself.
>
> THE COURT: Okay. Do you acknowledge that if the State presented the evidence outlined by [the prosecutor] that a jury could find that it was your intent to do that?
>
> [PETITIONER]: Yes.
>
> THE COURT: Okay and you admit that the—the gun is a deadly weapon?
>
> [PETITIONER]: Yes.

We conclude that petitioner's admissions during the colloquy were sufficient to establish a factual basis for the plea, including the required mental state. The information charged petitioner with aggravated assault for "knowingly" causing bodily injury to another. 13 V.S.A. § 1024(a)(2). A "knowing" mental state means that a person " 'is aware that it is practically certain that his conduct will cause such a result.' " State v. Jackowski, 2006 VT 119, ¶ 5, 181 Vt. 73 (quoting Model Penal Code § 2.02(2)(a)). Here, the facts, as admitted by petitioner—that he shot a gun at the victim and caused the victim harm—were sufficient to establish that he was aware that his conduct was practically certain to cause the victim injury. See State v. Fucci, 2015 VT 39, ¶ 13, 198 Vt. 482 ("It is elementary that a defendant's intent may be inferred from the nature of his acts."). Although petitioner stated that his "intent" in shooting the gun was not to injure, but to

2

defend himself, the charge did not require a showing that petitioner acted purposely.  There is a difference "between a person who knows another may be [] injured because of his conduct and a person who acts with the specific purpose of [] injuring another."  State v. Trombley, 174 Vt. 459, 462 (2002).  Here, the facts as established at the change-of-plea hearing were sufficient to support the mental state of the charge in that they demonstrated petitioner shot the victim with the awareness that it was practically certain his actions would cause the victim injury.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice