SKOGLUND, J.
¶ 1. Petitioner Anthony Bridger appeals the trial court's order granting summary judgment to the State on his petition for post-conviction relief (PCR). He argues that his guilty-plea colloquy did not satisfy Vermont Rule of Criminal Procedure 11(f). We agree and so reverse and remand.
¶ 2. The record indicates the following. In July 2009, petitioner was charged in three counties-Bennington, Windham, and Rutland-with committing numerous burglaries. Petitioner pled guilty in the Bennington and Windham cases before the Bennington Criminal Division in September 2009. These cases were then transferred to the Rutland Criminal Division for purposes of joining the pending Rutland matter and for sentencing. In February *491 2010, petitioner pled guilty before the Rutland Criminal Division to sixteen counts of burglary in the Rutland docket pursuant to a plea agreement. The remaining Rutland charges-nine counts of grand larceny and eight counts of petit larceny-were dismissed. In addition to an oral Rule 11 colloquy, petitioner signed a written waiver of his rights; he also signed restitution orders. At the sentencing hearing, the State noted that petitioner had cooperated with police and provided them with a full and complete confession. The court sentenced petitioner to six-to-twenty-years on the Rutland charges, and eighteen-months-to-five-years on the transferred Bennington dockets, to be served concurrently with the Rutland counts.
¶ 3. In August 2015, petitioner filed a PCR petition, challenging the sufficiency of the Rutland Criminal Division's plea colloquy under Rule 11(f).[1] Rule 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Petitioner argued that he was entitled to summary judgment because he did not admit to any facts, and the court's colloquy on this point was "unlawfully sparse." The State opposed the motion and filed a cross-motion for summary judgment in its favor.
¶ 4. The PCR court granted summary judgment to the State, relying on the following record from the change-of-plea hearing. At the hearing, the sentencing court discussed each burglary charge with petitioner, including the elements of the charges, the dates of the alleged crimes, the names of the victims, and the maximum penalty for each charge. The court described the rights that petitioner would be giving up by pleading guilty. Petitioner indicated that he understood the information provided to him by the court. The colloquy also included the following exchange:
THE COURT: Do you agree that the affidavit of the [Vermont State Police] troopers that were-the affidavit-numerous affidavits, provide a factual basis to establish each of the essential elements of each of the charges?
THE DEFENDANT: Yes.
THE COURT: The Court will find that there is a factual basis.
The affidavits, which are part of the trial court record, recite, among other things, the victims' complaints to police and petitioner's confession to committing over twenty burglaries, including those charged. The affidavits set out petitioner's detailed description to police of various facts related to the burglaries, including the layout of the homes and the items that were stolen.
¶ 5. Based on this record, the PCR court concluded that the sentencing court did not violate Rule 11(f). In its analysis, the PCR court first noted that, to satisfy Rule 11(f) under this Court's precedent, the record must " 'affirmatively show sufficient facts to satisfy each element of an offense' "; the sentencing court must directly inquire into the factual basis of the plea; and the defendant must " 'admit to and possess an understanding of the facts as they relate to the law for all elements of the charge or charges to which the defendant has pleaded.' " In re Bridger, 475-8-15 Rdcv, slip op. at 2, 2016 WL 9459781 (Vt. Sup. Ct. Mar. 31, 2016) (quoting In re Stocks, 2014 VT 27, ¶¶ 14, 21, 196 Vt. 160, 94 A.3d 1143 ). The PCR court then stated *492 that, under State v. Cleary and State v. Morrissette, "substantial compliance" with Rule 11(f) was sufficient and that a colloquy with a defendant who stipulates to the factual basis of the plea substantially complies with Rule 11(f). State v. Cleary, 2003 VT 9, ¶¶ 15, 29, 175 Vt. 142, 824 A.2d 509 ("When Rule 11 violations are alleged, we require only substantial compliance with the requirements of the rule." (citing State v. Morrissette, 170 Vt. 569, 571, 743 A.2d 1091, 1092-93 (1999) (mem.), overruled by In re Manosh, 2014 VT 95, ¶ 23, 197 Vt. 424, 108 A.3d 212 )).
¶ 6. Here, the sentencing court asked petitioner if he "agree[d] that the ... affidavits provide a factual basis to establish each of the essential elements of each of the charges," and petitioner answered "yes." The PCR court rejected petitioner's contention that his "yes" should be interpreted as something less than an admission of the truth of the facts set forth in those affidavits. The PCR court observed, moreover, that the burglary charges were not factually complex offenses that required a careful clarification as to what specific facts satisfied specific necessary elements of each offense.
¶ 7. The PCR court rejected petitioner's assertion that this case was like Stocks, where the petitioner acknowledged only that he "understood" the State's allegations reflected in the charges against him, but never affirmed that they were true. 2014 VT 27, ¶ 18, 196 Vt. 160, 94 A.3d 1143. Here, petitioner agreed that the affidavits provided a factual basis for each element of each of the charges. The sentencing court had fully advised petitioner of the elements of the offense and reminded him of the name of each of his victims. The PCR court concluded that there was substantial compliance with Rule 11(f) and that the sentencing court had made sufficient inquiry into the factual basis for the plea. The PCR court thus granted summary judgment to the State. This appeal followed.
¶ 8. Petitioner argues, as he did below, that the sentencing court violated Rule 11(f) because he did not explicitly admit to any facts during the colloquy, including any facts contained in the troopers' affidavits. He cites Stocks and contends that although he admitted to understanding the factual elements of the charged offenses and admitted that the troopers' affidavits provided a factual basis for those charges, he did not admit to any of the facts stated in the affidavits. Petitioner further asserts that the sentencing court erred in relying on affidavits to establish the factual basis. Citing State v. Yates, 169 Vt. 20, 27, 726 A.2d 483, 488 (1999), petitioner maintains that an affidavit may provide facts to support a guilty plea only if the defendant subsequently admits to those same facts in the plea colloquy.[2]
¶ 9. To prevail on his PCR petition, petitioner needed to show "by a preponderance of the evidence that one or more fundamental errors rendered his conviction defective." In re Brown, 2015 VT 107, ¶ 9, 200 Vt. 116, 129 A.3d 102 (recognizing that "PCR is a limited remedy" and that petitioner "bears the burden of proving that fundamental errors rendered his conviction defective." (quotation omitted)). We review the trial court's summary judgment decision de novo using the same *493 standard as the trial court. In re Manosh, 2014 VT 95, ¶ 8, 197 Vt. 424, 108 A.3d 212. Summary judgment is appropriate "where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." In re Brown, 2015 VT 107, ¶ 9, 200 Vt. 116, 129 A.3d 102 (quotation omitted); see V.R.C.P. 56(a). We conclude that the PCR court erred when it granted summary judgment in favor of the State and enter summary judgment in petitioner's favor.
¶ 10. At the outset, and in light of the increasing number of Rule 11(f) cases being appealed to this Court, we review this Court's application of Rule 11(f), and clarify precisely what the rule requires.
¶ 11. Over thirty years ago, this Court explained, "The requirement of [ Rule] 11(f) involves an understanding by the defendant that the conduct admitted violates the law as explained to him by the court. Absent this, no matter how perfectly the other parts of Rule 11 have been observed, we cannot find a voluntary plea." In re Dunham, 144 Vt. 444, 451, 479 A.2d 144, 148 (1984). Thus, from the beginning, this Court's Rule 11(f) jurisprudence has rested on two interrelated suppositions: that the Rule 11(f) inquiry is inextricably connected to the voluntariness of the defendant's plea and that, to demonstrate that voluntariness, "[t]here must be an adequate factual basis for all elements of the charge developed on the record." See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 450, 479 A.2d at 148. Further, we have consistently concluded that an "adequate factual basis" sufficient to demonstrate voluntariness must consist of some recitation on the record of the facts underlying the charge[3] and some admission by the defendant to those facts. See, e.g., Yates, 169 Vt. at 27, 726 A.2d at 488 ("[A]n affidavit may be a source of facts to support the plea, but that the defendant must subsequently admit to these facts in the plea colloquy to demonstrate that there is a sufficient factual basis.").
¶ 12. In In re Dunham, our first case examining Rule 11(f), the petitioner was present at the murder of Byron Nutbrown and subsequently charged with second degree murder. At the change of plea hearing, the petitioner's attorney asked the petitioner a series of questions about what he observed as a bystander on the night when another man murdered Nutbrown. Dunham, 144 Vt. at 446-47, 479 A.2d at 146-47. However, there was no inquiry into Dunham's state of mind concerning the element of "willfulness," an element of second degree murder. This Court, on appeal of the lower court's denial of a petition for post-conviction relief, held that "[t]here must be an adequate factual basis for all elements of the charge developed on the record," and that being a bystander at the scene of the crime was not sufficient to establish the intent element of the offense. Id. at 450, 479 A.2d at 148. Because the petitioner did not state or admit to a factual basis for the element of "willfulness," we found a lack of compliance with Rule 11(f) and, thus, a failure to establish a factual basis for the guilty plea. Id. at 450-51, 479 A.2d at 148 (recognizing the "case did not involve equivocal or contrary statements by the defendant, but rather an absence of any statements of facts concerning willfulness by the defendant or anyone else").
*494 ¶ 13. This decision in Dunham relied on our interpretation of federal case law. First, we relied on McCarthy v. United States for the proposition that a plea " 'cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.' " Dunham, 144 Vt. at 449, 479 A.2d at 147 (quoting McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) ). We then drew from the voluntariness standard articulated by the Supreme Court in Boykin v. Alabama, which requires courts receiving a guilty plea to canvas the defendant on the record to ensure that the plea was voluntary. 395 U.S. 238, 243-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In Dunham's case, the record did not "affirmatively show sufficient facts to satisfy each element of [the] offense"; thus, nothing demonstrated an "understanding by the [petitioner] that the conduct admitted violate[d] the law as explained to him by the court," and we could not find a voluntary plea. Dunham, 144 Vt. at 451, 479 A.2d at 148.
¶ 14. Since Dunham, we have consistently held that the necessary affirmative showing required to accept a plea of guilty must include, at least, some admission by the defendant on the record of the facts that underlie the elements of the crime charged. Immediately following Dunham, we noted in another case that the "record must reveal that the elements of each offense were explained to the defendant and that a factual basis for each element was admitted." In re Kasper, 145 Vt. 117, 120, 483 A.2d 608, 610 (1984) (emphasis added). In Kasper, the trial court merely summarized the charges and "there was never a recitation of the factual allegations" on the record; as a result, we held that the defendant's pleas were not voluntary because we could not say that the defendant understood the nature of the charges in relation to the facts. Id. at 120-21, 483 A.2d at 610-11 (emphasis added). Subsequent cases stuck to this strict requirement that the defendant must, on the record, "admit to and possess an understanding of the facts as they relate to the law for all elements of the charge or charges to which the defendant has pleaded." Yates, 169 Vt. at 24, 726 A.2d at 486 ; see, e.g., In re Kivela, 145 Vt. 454, 459, 494 A.2d 126, 129 (1985) (denying Rule 11(f) challenge because "[t]he record reveals that the charges, as expressed in the indictment and informations, were read to the petitioner, and that he admitted committing the acts underlying each offense"); In re Fisher, 156 Vt. 448, 463, 594 A.2d 889, 897 (1991) (rejecting petitioner's Rule 11(f) challenge because "the court had before it the PSI, along with the attached investigating officer's affidavit, and had heard petitioner's admissions" to sexual assault charges (emphasis added)).
¶ 15. Our only deviation from this consistent line of caselaw occurred in State v. Whitney, when the trial court relied on a police officer's affidavit, which was supplied to the defendant, to establish a factual basis. 156 Vt. 301, 303, 591 A.2d 388, 389 (1991), holding modified by Yates, 169 Vt. at 27, 726 A.2d at 488. We concluded that this was sufficient compliance with Rule 11(f). Id.
¶ 16. In Yates, however, we pulled back and clarified that Whitney stood only for the principle "that an affidavit may be a source of facts to support the plea, but that the defendant must subsequently admit to these facts in the plea colloquy to demonstrate that there is a sufficient factual basis." 169 Vt. at 27, 726 A.2d at 488. Again, we relied on McCarthy and Boykin, noting that "[t]he accuracy of the factual basis goes to the defendant's understanding of the relationship between the law and the facts, which ultimately goes to voluntariness." Id. at 26, 726 A.2d at 487. We explained "[t]he defendant's understanding *495 cannot be probed except through personal interrogation, which then appears in the record of the proceedings." Id. at 27, 726 A.2d at 488 (emphasis added).
¶ 17. After Yates, all but two of our cases have followed the same stance originally adopted in Dunham. We have denied Rule 11(f) challenges where the defendant affirmatively admitted on the record to a factual basis for the elements. See, e.g., State v. Fucci, 2015 VT 39, ¶¶ 9, 10, 198 Vt. 482, 117 A.3d 419 (rejecting Rule 11(f) argument where defendant agreed on record that facts recited by prosecutor constituted crimes with which he was charged); In re Hoch, 2013 VT 83, ¶ 14, 194 Vt. 575, 82 A.3d 1167 (concluding trial court followed Rule 11(f) where petitioner admitted, on the record, to facts underlying the charge); State v. Marku, 2004 VT 31, ¶ 24, 176 Vt. 607, 850 A.2d 993 (mem.) (affirming factual basis of guilty plea under Rule 11(f) where defendant admitted to wanting to kill victim and stipulated to prima facie case); State v. Blish, 172 Vt. 265, 275, 776 A.2d 380, 388 (2001) (denying Rule 11(f) claim because record showed "court fully engaged the defendant in an inquiry" and defendant's "affirmations suffice to support the factual basis for the crime"). And we have approved Rule 11(f) challenges when the defendant did not admit to the factual basis on the record; see, e.g., Stocks, 2014 VT 27, ¶ 17, 196 Vt. 160, 94 A.3d 1143 (holding court did not comply with Rule 11(f) where petitioner "confirmed his understanding of the charges" but did not admit to factual basis); In re Manning, 2016 VT 53, ¶¶ 15, 16, 202 Vt. 111, 147 A.3d 645 (concluding trial court violated Rule 11(f) where neither State nor court stated factual allegations on record and court never asked petitioner if he admitted to factual basis).
¶ 18. Unfortunately, State v. Morrissette and State v. Cleary inadvertently sowed confusion by importing the phrase "substantial compliance" into our Rule 11(f) jurisprudence. Morrissette, 170 Vt. at 571, 743 A.2d at 1093. For example, in this case, the PCR court cited State v. Morrissette and State v. Cleary for the proposition that "substantial compliance" is sufficient to satisfy Rule 11(f). See Cleary, 2003 VT 9, ¶ 29, 175 Vt. 142, 824 A.2d 509 (citing Morrissette, 170 Vt. at 571, 743 A.2d at 1092-93 ). It is true that we held in Morrissette that "[w]hen a collateral attack is brought against the validity of a plea based on alleged violations of [ Rule] 11, we require substantial compliance with the requirements of the rule." 170 Vt. at 571, 743 A.2d at 1093. To be clear, however, this "substantial compliance" standard did not apply to Rule 11(f) because the defendant in Morrissette claimed a violation of Rule 11(c) and (d). The case did not involve a Rule 11(f) claim. 170 Vt. at 570-71, 743 A.2d at 1092-93.
¶ 19. Moreover, we overruled Morrissette in In re Manosh, 2014 VT 95. In Manosh, the petitioner signed a waiver-of-rights form that listed the various rights the defendant gave up by pleading guilty. 2014 VT 95, ¶ 2, 197 Vt. 424, 108 A.3d 212. Rather than questioning the defendant about these rights, the trial court asked the defendant if he understood the form and the defendant answered in the affirmative. Id. ¶ 3. We concluded that the waiver form and the court's limited questions could not replace the court's personal questioning of a defendant in open court. Id. ¶ 23. And once again, we reiterated that Rule 11(f) obliges "the court [to] address the defendant in connection with the accuracy of the plea." Id. ¶ 24. In reaching this decision, we stated, that
[t]o the extent that we suggested in Morrissette that a waiver-of-rights form signed by a defendant can substitute for the court's personally addressing a defendant *496 in open court for the purposes of Rule 11(c), (d) or (f), or that a defendant's one-word acknowledgment of signing and understanding the waiver form is a sufficient basis for the court's conclusion that the plea is knowing and voluntarily made, we overrule that decision as inconsistent with the requirements of Rule 11 and our more recent case law.
Id. ¶ 23.
¶ 20. Although we did not explicitly refer to the "substantial compliance" standard when we overruled Morrissette, we now make explicit what Manosh made implicit: "substantial compliance" has no place in Rule 11(f) claims. This conclusion jibes with our previous decisions. For example, we first repudiated the "substantial compliance" standard for Rule 11(f) claims in Dunham, our earliest decision analyzing Rule 11(f). 144 Vt. at 451 n *, 479 A.2d at 148 n * ("[W]e will not look to the totality of the plea change hearing for substantial compliance with Rule 11 when there is a collateral challenge for lack of compliance with Rule 11(f)." (emphasis added)). For Rule 11(c) and Rule 11(d) claims, this Court applies the "substantial compliance" standard because post-conviction relief is not available for technical or formal violations of these rules, unless the petitioner proves actual prejudice. See In re Thompson, 166 Vt. 471, 475, 697 A.2d 1111, 1113 (1997). Our reasoning for this prejudice requirement is that we may examine the record, including the court's colloquy, to ensure the totality of the circumstances reveal substantial compliance with Rules 11(c) and 11(d). Id. By contrast, as explained above, from the beginning of our Rule 11(f) jurisprudence, we have held that "collateral attacks for defects under Rule 11(f) require no showing of prejudice" and that, similarly, we do not analyze the totality of the circumstances. Dunham, 144 Vt. at 451, 479 A.2d at 148. Our rejection of the "substantial compliance" standard applies with equal force to State v. Cleary, which relied exclusively on Morrissette to deny the defendant's Rule 11(f) challenge because the trial court "substantially complie[d]" with Rule 11(f). See Cleary, 2003 VT 9, ¶¶ 29-30, 175 Vt. 142, 824 A.2d 509 (citing Morrissette, 170 Vt. at 571, 743 A.2d at 1092-93 ). To the extent Cleary relied on Morrissette and the "substantial compliance" standard, we overrule that decision as inconsistent with Dunham and Manosh.
¶ 21. Absent the vague "substantial compliance" standard, we are left with a body of case law that has consistently mandated that an "adequate factual basis" sufficient to demonstrate voluntariness must consist of some recitation on the record of the facts underlying the charge and some admission by the defendant to those facts. See, e.g., In re Miller, 2009 VT 36, ¶ 11, 185 Vt. 550, 975 A.2d 1226 ("The requirement that the record affirmatively show facts to satisfy each element of the offense is ... absolute."). We do not require that a particular party perform this recitation, Stocks, 2014 VT 27, ¶ 15, 196 Vt. 160, 94 A.3d 1143, nor do we require that a particular source support the factual basis.[4] Yates, 169 Vt. at 27, 726 A.2d at 488. But we do require an inquiry that demonstrates the defendant's admission to the *497 facts "as they relate to the law for all elements of the ... charges." Id. at 24, 726 A.2d at 486. Though on three separate occasions we have departed slightly from this requirement, we have ultimately returned to this clear standard.
¶ 22. There are good reasons for our continued adherence to this interpretation of Rule 11(f). As we have repeatedly declared, the Rule 11(f) inquiry is tied to the voluntariness of the plea. In re Dunham, 144 Vt. at 449, 479 A.2d at 147. By ensuring, at the least, that the defendant personally admits to facts relating to the elements of the offense, the court exposes the defendant's understanding of the factual basis for each element on the record, which facilitates the court's understanding of the facts and provides subsequent courts with the opportunity to review the record to establish that the defendant's plea was truly voluntary. McCarthy, 394 U.S. at 467, 89 S.Ct. 1166. These two goals are undermined "in proportion to the degree [a court] resorts to 'assumptions' not based upon recorded responses to his inquiries."[5] Id.
¶ 23. Similarly, this Rule 11(f) requirement fits with the other components of Rule 11.[6] As we have held, a *498 distinction exists between a defendant's understanding of the charges and the defendant's admission to the factual basis of the plea. Stocks, 2014 VT 27, ¶ 20, 196 Vt. 160, 94 A.3d 1143 ("The structure of the rule reinforces that the factual-basis conversation is distinct from the understanding-the-elements and voluntariness inquiries."). Absent strict application of the Rule 11(f) requirement, there would be no portion of a Rule 11 colloquy to satisfy the court that the guilty plea is factually supported. Merely giving a defendant the information required in Rule 11(c) -the charge he faces, the minimum and maximum penalties, the loss of his trial rights should he plead, etc.-and establishing that the plea was not the result of force or threats or promises as mandated by Rule 11(d), does not mean that there is a factual basis for a court to accept the plea. Rule 11(f) is intended to prevent the entry of false guilty pleas in situations where the defendant does not completely understand the elements of the charge or realize that he or she has a valid defense. If a defendant is aware of the charges against him but does not realize that his conduct does not actually fall within the charge, the Rule 11(f) inquiry by the court should reveal any confusion or misunderstanding and prevent a false guilty plea. See McCarthy, 394 U.S. at 467, 89 S.Ct. 1166. Likewise, Rule 11(g) requires that a record be made of proceedings where a guilty plea is entered and that "the record shall include, without limitation, the court's ... inquiry into the accuracy of a guilty plea." V.R.Cr.P. 11(g). Rather than render this portion of Rule 11(g) superfluous, we continue to adhere to our precedent and require the record to show just that factual inquiry. Stocks, 2014 VT 27, ¶ 20, 196 Vt. 160, 94 A.3d 1143 ("If a defendant's understanding of the facts and law underlying the charges to which the defendant pleads were tantamount to a factual basis for the charges, Rule 11(f) and the part of Rule 11(g) requiring a record of the court's inquiry into the 'accuracy of a guilty plea' would be superfluous.").
¶ 24. In this case, the record is devoid of such a factual inquiry. Petitioner made a generic admission to unspecified facts in multiple affidavits covering sixteen burglary counts. As in In re Kasper, the sentencing court in this case merely summarized the factual basis by indicating the location and date of each burglary and by naming the victim at each location. 145 Vt. at 120, 483 A.2d at 610. On this record, we *499 cannot say that the petitioner understood the law underlying each charge in relation to the facts. For example, petitioner did not admit to circumstantial or direct evidence evincing his specific intent to commit each burglary. See State v. Langdell, 2009 VT 125, ¶ 9, 187 Vt. 576, 989 A.2d 556 (mem.) (stating that one of burglary's essential elements "is the existence of a specific intent" and that "[t]o support a conviction where specific intent is an element of the offense, we have held that there must be some testimony in the case evidencing criminal intent and that such testimony must be sufficient to justify a jury finding of guilt beyond a reasonable doubt") (quotation omitted). Absent such an admission, the record does not demonstrate petitioner understood the facts supporting a critical element of each charge. See Dunham, 144 Vt. at 450, 479 A.2d at 148 (reversing because record did not contain "statements of facts concerning willfulness by the defendant or anyone else"). Although that evidence may be contained in the affidavits, that is not sufficient: the record must demonstrate that petitioner understood the facts "as they relate to the law for all elements of the ... charges to which [petitioner] pleaded." Yates, 169 Vt. at 24, 726 A.2d at 486.
Reversed and remanded for entry of judgment allowing petitioner to withdraw his plea in Docket No. 1067-7-09 Rdcr.

Petitioner referenced all of his convictions in his PCR petition, including those from other counties. As the State pointed out, the plea colloquy in question concerned only the burglary charges on the Rutland County docket.

Petitioner also argues, for the first time on appeal, that reliance on affidavits was improper because there was no clear indication that he had specific knowledge of the affidavits to which the court referred or that he had an opportunity to read and review those documents. Petitioner waived this argument by failing to raise it below. See Lane v. Town of Grafton, 166 Vt. 148, 153, 689 A.2d 455, 457 (1997) ("Failure to raise a reason why summary judgment should not be granted at the trial level precludes raising it on appeal.").

We have never required a particular formula for obtaining this recitation. See, e.g., In re Stocks, 2014 VT 27, ¶ 15, 196 Vt. 160, 94 A.3d 1143 ("We do not require a particular formula for determining that there is a factual basis for the plea. An admission to the facts by the defendant in the course of the colloquy is usually sufficient. A recital of the facts by the prosecutor together with a statement by the defendant confirming their accuracy would also satisfy the rule.").

In this case, for example, the error in the Rule 11(f) inquiry was not that the court relied on the affidavits as a source of the facts to support defendant's plea, but that defendant made a general admission to unspecified facts in multiple affidavits. See infra, ¶ 24. As a result, we cannot say that the petitioner understood the law underlying each charge in relation to the facts. Id.; see also In re Kasper, 145 Vt. at 120, 483 A.2d at 610 ("The record must reveal that the elements of each offense were explained to the defendant and that a factual basis for each element was admitted.").

We acknowledge that this obligation under Rule 11(f) may depart from the federal courts' application of the federal rule. Post, ¶ 46. But we do not believe that this necessitates a complete reversal of our prior precedent given the important goals served by our more demanding standard. As the federal courts state, the best method of producing a factual basis for review is to ask the defendant to describe, on the record, the conduct that establishes the factual basis for the plea. See, e.g., United States v. Tunning, 69 F.3d 107, 112 (6th Cir. 1995) (stating that having trial courts ask defendants to describe conduct that they believe constitutes crime is "ideal means" to establish factual basis for guilty plea, but "[t]his 'ideal' method is by no means the only method"). This is in keeping with the Supreme Court's observation that the goals of Rule 11(f) are weakened in direct proportion to the amount a court relies on assumptions rather than a defendant's recorded responses to the court's inquiries. McCarthy, 394 U.S. at 467, 89 S.Ct. 1166. Although our requirement under Rule 11(f) does not go as far as this "ideal means" because we do not require a personal narrative from defendant, our interpretation of Rule 11(f) -in comparison to the standard employed by other courts-more rigorously safeguards the reviewing court's ability to assess the defendant's understanding of the factual basis and the voluntariness of the plea. Compare In re Manning, 2016 VT 53, ¶¶ 15, 16, 202 Vt. 111, 147 A.3d 645 (concluding trial court violated Rule 11(f) where neither State nor court stated factual allegations on record and court never asked petitioner if he admitted to factual basis), with Irizarry v. United States, 508 F.2d 960, 968 (2d Cir. 1974) (criticizing factual basis inquiry that depended solely on defendant's bare admissions because "those admissions, if only barely, sketch out a sufficient factual basis"). See also Jackson v. State, 2012 WY 56, ¶ 13, 273 P.3d 1105, 1110-11 (Wyo. 2012) (disapproving of factual basis inquiry where defendant did not testify, admitted nothing, and provided no statement because reviewing court was "less able to assess his competency and understanding and the record leaves open the possibility of a later successful challenge").

No inconsistency exists between Criminal Procedure Rule 43 and our interpretation of Rule 11(f), despite the dissent's claim that our holding brings Rule 11 into direct conflict with Criminal Procedure Rule 43 and "draws into question the continued viability of plea by waiver." Post, ¶¶ 48-50. We addressed the interplay of Rule 11 and Rule 43 in In re Manosh -when it was properly before the Court. 2014 VT 95, ¶ 11, 197 Vt. 424, 108 A.3d 212. There, the petitioner agreed to a plea deal and signed a generic waiver form that included the phrase, "I agree that there is a factual basis for my plea of guilty" before appearing in court. Id. ¶ 2. Beyond confirming that the petitioner understood the form, the court did not engage in any of the Rule 11 colloquy requirements. Id. ¶ 3. The petitioner argued that this violated Rule 11, and we agreed.
We rejected the State's argument that by signing the waiver form, the "petitioner effectively waived the protections of the Rule 11 colloquy, even though he did not technically waive his appearance." Id. ¶ 14. Instead, we stated that Rule 43"carves out a narrow exception" and does not allow a court to "accept a defendant's written waiver of the rights protected by Rule 11" when the defendant does not waive his presence in court and the court makes no findings regarding the hardship of appearing in court. Id. ¶ 15. We noted that, in comparison to the rules in other states, Rule 43 does not explicitly provide an exception to the waiver of the colloquy under Rule 11, but only allows a defendant to waive his or her personal presence under limited circumstances for some misdemeanor charges. Id. ¶ 16. As a result, we determined that "Rule 43(c)(2) only authorizes a court to accept a plea without personally addressing a defendant in open court pursuant to Rule 11 when a case meets the Rule 43 requirements-including the requirement that defendant waive presence in court." Id. To conclude otherwise would have dramatically narrowed the reach of Rule 11 and allowed courts, in every misdemeanor case involving a guilty plea, to "dispense with personally addressing the defendant" to satisfy Rule 11's requirements, including acknowledging a factual basis for the plea. Id. ¶ 17.
In short, Manosh harmonized Rule 11 with Rule 43 by making clear that, because "Rule 11 does not exempt all misdemeanor cases from the requirement that the court address the defendant personally in court," the Rule 11 requirements may only be dispensed with in the narrowly proscribed circumstances outlined in Rule 43. Id.