EATON, J., concurring.
¶ 17. I concur in the result, mindful of this Court's recent decision in In re Bridger, 2017 VT 79, --- Vt. ----, 176 A.3d 489. In Bridger, a majority of the Court held that to satisfy Vermont Rule of Criminal Procedure 11(f), the trial court must conduct "an inquiry that demonstrates the defendant's admission to the facts as they relate to the law for all elements of the charges." Id. ¶ 21 (quotation and alteration omitted). Stated differently, there must be "some recitation on the record of the facts underlying the charge and some admission by the defendant to those facts." Id. A defendant need not recite the factual basis himself or herself. Id. The majority holds that for purposes of Rule 11(f) a defendant's guilty plea does not constitute "some admission by the defendant" to the facts underlying the criminal charge. See ante, ¶ 14 (citing In re Stocks, 2014 VT 27, ¶ 20, 196 Vt. 160, 94 A.3d 1143 ). But see United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (explaining that by entering plea of guilty, accused states that "he did the discrete acts described in the indictment" and he also admits "guilt of a substantive crime"); North Carolina v. Alford, 400 U.S. 25, 32, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (explaining that through guilty plea, defendant admits that he committed crime charged against him, "even though there is no separate, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment").
¶ 18. With the Bridger standard in mind, I turn to the facts here. Petitioner was charged with two counts of grossly negligent operation, death resulting, and one count of violating conditions of release (VCR). She entered into a plea agreement with the State, pursuant to which the VCR charge was dismissed and the parties agreed that the sentences for the two remaining counts would be six-to-fifteen years to be served concurrently. The parties also agreed that petitioner could never drive any motor vehicle at any time without prior court approval, which was part of *1119 the reason that the State agreed to the proposed sentence. Petitioner's attorney informed the court that he had explored the possibility of a no-contest plea with the State, and he had also discussed the difference between a no-contest plea and a guilty plea with petitioner. Counsel informed the court that his client had agreed to plead guilty to take advantage of the plea agreement with the State; without a guilty plea, the plea agreement was off the table.
¶ 19. Among other things, the change-of-plea court explained to petitioner the elements of the offenses, and that by pleading guilty to a criminal charge, she would be admitting the key facts, the essential elements of the crime. Petitioner replied to the court that she understood that, and that she wanted to do that. The elements of the crimes at issue were straightforward, and the State explained its theory that petitioner was driving in a grossly negligent manner because she had eleven separate psychoactive or other substances in her bloodstream, she was traveling seventeen miles an hour over the speed limit, and she was approximately nine feet left of center when she struck the victims' vehicle. The court asked petitioner if she understood what it meant to be driving in a grossly negligent manner, and she replied affirmatively. The court then asked petitioner's attorney if he agreed that there was a factual basis for the charges, and counsel agreed that there was. The court later returned to the factual basis issue, after petitioner indicated that she had no questions about anything that had been discussed. It asked the State if the court had articulated the factual basis as presented by the State in the charges. The State responded that the court had provided a satisfactory summary, and it also asked that the court refer to the detailed report of a senior trooper, which provided some additional detail to support the gross negligent operation. The court indicated that it would do so, and asked petitioner's counsel again if he agreed that, as a matter of law, there was more than an abundant factual basis for the grossly negligent operation charges. Counsel again agreed that there was a factual basis. After several more questions, petitioner indicated that she was ready to enter her pleas and she pled guilty to both counts.
¶ 20. Assuming that through her guilty plea petitioner did not admit the discrete acts at issue, petitioner here did not otherwise specifically admit that she had operated a motor vehicle on a public highway, took multiple substances, greatly exceeded the speed limit, crossed the center line and traveled almost ten feet into the victim's lane of travel, and caused the death of two individuals. Under the holding in Bridger, the change-of-plea court could not have satisfied itself on this record that there was a factual basis for the two counts of grossly negligent operation to which the petitioner pled guilty.
¶ 21. Many of the concerns that drove my dissent in Bridger are equally present here. First, the factual basis for these charges was overwhelmingly established on the record and stipulated to twice by counsel in petitioner's presence. Finding the absence of a factual basis here elevates form over substance with no discernible benefit to the criminal justice process. At the time this plea was taken, moreover, Vermont case law specifically held that an attorney could stipulate to a factual basis on behalf of his or her client. See State v. Cleary, 2003 VT 9, ¶ 29, 175 Vt. 142, 824 A.2d 509 (finding sufficient factual basis based on admission of defendant's attorney, which in turn rested on portion of police officer's affidavit); see also State v. Riefenstahl, 172 Vt. 597, 599, 779 A.2d 675, 678 (2001) (mem.) (finding sufficient factual basis based on defense counsel's agreement *1120 that affidavit of probable cause provided factual basis for plea).
¶ 22. It was not until Bridger, three years after the plea here, that the Court overruled Cleary"[t]o the extent that [it] relied on ... the 'substantial compliance' standard." Bridger, 2017 VT 79, ¶ 20, --- Vt. ----, 176 A.3d 489. Riefenstahl was not explicitly overruled. Given this change in the law, the Court should consider as a threshold matter whether the holding of Bridger should be retroactively applied. See Teague v. Lane, 489 U.S. 288, 301, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (holding with respect to collateral challenges to criminal convictions that "new constitutional rules of criminal procedure [announced in case law] will not be applicable to those cases which have become final before the new rules are announced," and explaining that "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final"); State v. White, 2007 VT 113, ¶ 11, 182 Vt. 510, 944 A.2d 203 (addressing retroactivity of Court's decision in collateral attack on criminal conviction and finding Vermont's test in harmony with Teague test). "The explicit overruling of an earlier holding no doubt creates a new rule." Whorton v. Bockting, 549 U.S. 406, 416, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007) (quotation omitted). I would not retroactively apply the holding of Bridger here.
¶ 23. While I continue to believe that Bridger was wrongly decided, I acknowledge that a majority of the Court has adopted a standard that compels reversal here. Continuing to dissent in similar cases adds nothing to the debate and would serve only to interfere with the orderly operation of our docket by blocking resolution of Rule 11(f) cases by three-justice panels. I therefore concur in the judgment and will do so in similar cases unless a majority forms to depart from Bridger, as I hope that it will.
¶ 24. I am authorized to state that Chief Justice Reiber joins this concurrence.