NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 87

No. 2016-294

State of Vermont                                              Supreme Court

                                                             On Appeal from
    v.                                                       Superior Court, Rutland Unit,
                                                             Criminal Division

Mitchell Bowen                                               March Term, 2018


Thomas A. Zonay, J.

David Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Allison N. Fulcher of Martin & Associates, Barre, for Defendant-Appellant.


PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1.    **EATON, J.**   Defendant appeals his conviction for sexual assault following his guilty plea, arguing that during the plea colloquy the trial court failed to comply with Vermont Rule of Criminal Procedure 11(f) and did not establish a factual basis for the charge. We hold that the standard for reviewing Rule 11(f) challenges in direct-appeal cases is the same as that used for challenges brought in post-conviction relief (PCR) proceedings. Under that standard, we conclude that the colloquy in this case did not comply with the requirements of Rule 11(f), and reverse and remand.

¶ 2.    In October 2013, defendant was charged with one count of sexual assault on a minor pursuant to 13 V.S.A. § 3253(c). The affidavit submitted in support of the information recited that defendant had engaged in unwanted sex with a thirteen-year-old minor on the playground of a school. Defendant entered a plea agreement with the State whereby he agreed to plead guilty and

the State agreed to a capped sentence of two-to-fifteen years. Defendant signed a plea agreement and waiver-of-rights form, agreeing that he had read the affidavit of probable cause and that he agreed there was a factual basis for his plea. At the change-of-plea hearing, the colloquy between the court and defendant included the following exchanges:

> THE COURT: The charge is that during August of 2013, you engaged in a sexual act with a child under the age of sixteen and at the time you were not married and the act was consensual—except where you were married to each other and the act is consensual.
>
> The maximum punishment is twenty years, a fine of not more than 10,000 dollars, or both. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> . . . .
>
> THE COURT: Do you agree the affidavit of Officer Notte provides facts to establish the elements of the sexual assault charge to which you're entering a plea?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you agree that you're pleading guilty because you are, in fact, guilty of this charge?
>
> THE DEFENDANT: Yes.

¶ 3. The court entered defendant's guilty plea, concluding that it was made knowingly and voluntarily. Following a contested hearing, the court sentenced defendant to two-to-eight years. Defendant appealed, challenging the sufficiency of the plea.

¶ 4. Defendant's appeal was placed on waiting status pending resolution of In re Bridger, 2017 VT 79, __ Vt. __, 176 A.3d 489, an appeal from a PCR proceeding that raised the sufficiency of the plea colloquy under Rule 11(f). In Bridger the trial court discussed the elements of the charge with the defendant. The trial court did not recite the facts supporting the charge; instead, the court asked if the defendant agreed that the affidavits provided a factual basis for the charges and the defendant replied affirmatively. Bridger held that to comply with Rule 11(f) a defendant must make an admission of the facts underlying the charge and that an oral or written

2

stipulation would not suffice.  Id. ¶ 23.  It further established that substantial compliance is not the standard to be used in evaluating compliance with Rule 11(f).  Id. ¶ 20.  Applying those standards, this Court held that there was not compliance with Rule 11(f) because the defendant made a generic admission to unspecified facts from affidavits, and the court did not set forth facts to establish all the elements of the crime and the defendant did not admit to those facts.  Id. ¶ 24.

¶ 5.  The parties in this appeal were granted permission to file supplemental briefing following the decision in Bridger.  Defendant argues that the plea colloquy did not conform to Rule 11(f), which requires that prior to accepting a guilty plea the court must make "inquiry as shall satisfy it that there is a factual basis for the plea."  V.R.Cr.P. 11(f).  Defendant argues that, like in Bridger, the colloquy failed to establish a factual basis for the plea because there was no recitation on the record of the facts underlying the charge and no admission by defendant of those facts.  The State agrees that under Bridger the colloquy in this case was insufficient, but instead argues that there was no plain error because the law was undecided at the time of defendant's plea and the trial court complied with the law as it existed at that time.*

¶ 6.  We begin by recognizing that the holding of Bridger applies to this case in which a direct appeal was pending at the time it issued.  See State v. Shattuck, 141 Vt. 523, 529, 450 A.2d 1122, 1125 (1982) (holding that change in law is given effect to cases on direct review).  Therefore, we must address how Bridger, a PCR appeal, might differ from this case, which raised the challenge on direct appeal.

¶ 7.  To understand this, it is important to recognize that this Court has allowed challenges to the sufficiency of a Rule 11 colloquy to be raised either on direct appeal or in a PCR proceeding.  Over time, we described the standard of review in each type of challenge differently.

---

\* On appeal, the State also urges this Court to overrule Bridger.  Insofar as the State has not presented any reason not before the Court at the time Bridger was decided, we adhere to stare decisis and decline the invitation.  See O'Connor v. City of Rutland, 172 Vt. 570, 570, 772 A.2d 551, 552 (2001) (mem.) (explaining that this Court will not "lightly overturn recent precedent").

3

In PCR proceedings, usually a petitioner "must show, by a preponderance of the evidence, that fundamental errors rendered his conviction defective." In re Combs, 2011 VT 75, ¶ 9, 190 Vt. 559, 27 A.3d 318 (mem.) (quotation omitted). However, in Rule 11(f) cases, this Court recognized that there was no need to show prejudice "because a defendant's understanding of the elements of an offense as they relate to the facts goes directly to the voluntariness of his plea." In re Miller, 2009 VT 36, ¶ 11, 185 Vt. 550, 975 A.2d 1226.

¶ 8. The standard for challenges brought through direct review was more stringent. In State v. Cleary, this Court held that when a defendant fails to object to Rule 11 proceedings in the trial court and challenges the sufficiency of the colloquy on direct appeal, the standard of review on appeal is plain error. State v. Cleary, 2003 VT 9, ¶ 16, 175 Vt. 142, 824 A.2d 509, overruled on other grounds by In re Bridger, 2017 VT 79. "Plain error will be found only in rare and extraordinary cases where the error is obvious and strikes at the heart of [a] defendant's constitutional rights or results in a miscarriage of justice." State v. Streich, 163 Vt. 331, 353, 658 A.2d 38, 53 (1995); see V.R.Cr.P. 52(b) (explaining that plain-error standard applies to errors not raised that affect "substantial rights"). Our direct-appeal cases variously described how to apply the plain-error standard of review to Rule 11(f) challenges and equated the plain-error standard with a "substantial compliance" standard. See Cleary, 2003 VT 9, ¶¶ 29-30 (evaluating plain-error argument about factual basis requirement of Rule 11(f) and concluding that facts showed there was substantial compliance with Rule 11(f)); see also State v. Marku, 2004 VT 31, ¶ 22, 176 Vt. 607, 850 A.2d 993 (reciting "substantial compliance" as standard for Rule 11(f) challenge).

¶ 9. Bridger cited indiscriminately to both direct-review and PCR appeals. It rejected "substantial compliance" as a means for evaluating the sufficiency of the plea under Rule 11(f) for both types of cases, explicitly overruling Cleary, a direct-review case. Bridger, 2017 VT 79, ¶ 20.

¶ 10. Given that substantial compliance is not applicable in either direct-review or PCR appeals for Rule 11(f) challenges, there remains little to separate the two standards. Moreover, we

4

see little reason to apply a different standard of review to challenges brought on direct review instead of through a PCR proceeding. Having a more stringent standard in direct-review cases would provide an illogical incentive to not raise Rule 11(f) issues on direct appeal. Therefore, we hold that the standard for reviewing Rule 11(f) challenges is the same in a direct appeal as in a PCR proceeding.

¶ 11. Having so concluded, we hold that the plea colloquy in this case did not satisfy Rule 11(f). The facts in this case are strikingly similar to those in <u>Bridger</u>. The court read defendant the elements of the crime he was charged with and defendant agreed that the affidavits established a factual basis, but there was no recitation of the facts underlying the charge or admission by defendant of those facts. As we explained in <u>Bridger,</u> this is insufficient to comply with Rule 11(f) and to demonstrate that defendant understood the facts underlying the crime and admitted that they were true.

¶ 12. The State acknowledges that under <u>Bridger</u> the colloquy in this case did not comply with Rule 11(f), but nonetheless argues that there was no plain error because the law at the time of the colloquy allowed the procedures used by the trial court. We are not persuaded by this argument, which is essentially that we should not apply <u>Bridger</u> retroactively to the colloquy in this case. Because this is a direct appeal, <u>Bridger</u> applies to this case and under its standards, the colloquy was insufficient.

<u>Reversed and remanded for further proceedings consistent with this decision</u>.

FOR THE COURT:

_____
Associate Justice