VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00411

| Cody Davis v Nicholas Deml |
|---|

## ENTRY REGARDING MOTION

**Title:** Motion for Summary Judgment; Motion to Reconsider Partial; (Motion: 4; 6)
**Filer:** Briana T Hauser; Briana T Hauser
**Filed Date:** October 10, 2025; January 20, 2026

Petitioner, Cody Davis, seeks reconsideration of this court's prior decision denying partial summary judgment (Motion 6). Respondent, Nicholas Deml, has not responded to the motion. For the following reasons, reconsideration is granted. Mr. Davis' previous motion for partial summary judgment (Motion 4) is granted.

### Background

Commissioner Deml did not dispute the material facts submitted with Mr. Davis' original motion for summary judgment as required by Vermont Rule of Civil Procedure 56(c)(2). The facts set forth by Petitioner in the *Statement of Undisputed Material Facts* are therefore deemed to be undisputed for the purposes of the motion. V.R.C.P. 56(e)(2). They form the basis of the court's discussion below.

On August 31, 2022, the State and Cody Davis entered into a plea agreement which dismissed several pending charges in exchange for a guilty plea to aggravated assault. At the change of plea hearing, the court reviewed the factual basis of the plea as follows:

> [STATE]: On January 13th of 2019, in Bennington, Mr. Davis got into a fight with a Michael Stephens. During that fight, Mr. Davis struck Mr. Stephens in the head with such force that it caused Mr. Stephens to have blurry vision and impaired vision in his left eye, and caused multiple fractures to bones in his face.
> . . .
> THE COURT: Okay. Do you agree to those facts?
> MR. DAVIS: Not really but, I (indiscernible) criminal trial better than four years.
> THE COURT: So in order for the Court to find that your plea is knowing and voluntary, and that is why the Court asks that a factual basis, that you have to agree to that factual basis if you're pleading guilty.
> MR. DAVIS: Yes.
> THE COURT: So I just want to make certain, Mr. Davis, that this is—

Vermont Superior Court
Filed 04/01/26
Bennington Unit

[DEFENSE COUNSEL]: Judge, if I—I'm sorry, Judge, if I could? Mr. Davis and I have discussed this before, back when he changed—had us file the plea agreement. My statement of the factual basis in terms of him striking Mr. Stephens causing serious bodily injury, may have been slightly different from what was presented here. I think his answer may reflect that difference. But he is admitting that he did intentionally strike Mr. Stephens and that that caused serious bodily injury to Mr. Stephens by virtue of the broken bones that resulted.

THE COURT: Okay.

THE COURT: So Mr. Davis, do you agree to those facts that it was you that back on January 13th, 2019, in Bennington, and that you got into a verbal argument with Michael Stephens. And at some point you struck Mr. Stephens and a result of that force of the assault that it caused Mr. Stephens to have blurry vision, and it actually resulted in some fractures in his face. And that when you did that, that was not an accident. That you did that with intention, with purpose. It wasn't by accident?

MR. DAVIS: No, but yes.

THE COURT: So it sounded like you said no, but yes.

MR. DAVIS: Yes. I did not purposely mean to do it, but I am pleading guilty. Yes I did it, and yes, whatever. Yes. I did not have intentions of causing any damage, no. But yes, I did it. Yes, I plead guilty.

. . . [State confirming Mr. Davis' agreement was to plead guilty rather than no contest.]

THE COURT: And then [the State has] asked for it the purposely and knowingly rather than the reckless. It sounds like Mr. Davis, at least with the Court, sounds like he would indicate an agreement about reckless but you were stating that it was purposely and knowing. So I'm just looking to both you and [defense counsel] with regards to at least right now, I don't think that the Court can accept the plea.

MR. DAVIS: I—yes, I purposely did it, yes.

THE COURT: So Mr. Davis, I do want to inquire of the State of how it—what it's asking.

[STATE]: Judge, I think you can accept it. Although Mr. Davis might not agree that punching someone in the face with as much force as possible, it doesn't intend the damage that's going to happen. That is exactly what he admitted to. Both here and to the officers.

THE COURT: Okay. So you're still looking for it to be a purpose rather than a reckless?

[STATE]: Yes.

MR. DAVIS: It's fine. It's fine, yes.

THE COURT: So Mr. Davis, with regards to the Court here and the elements. The elements are, when you assaulted Mr. Stephens, that you intended to assault him. That that was not an accident—

MR. DAVIS: Yes.

THE COURT: —with regards to the resulting injury to Mr. Davis, that does not have to be the intentional to cause him, but by the strike of the blow of the assault that resulted in the serious bodily injury to him. It sounds like that you're agreeable to those facts here. I just want to make certain of that?

MR. DAVIS: I agree to the plea agreement. I agree that I assaulted him purposely, yes.

THE COURT: And that it caused those type of injuries that the Deputy State's Attorney indicated that there was blurry vision to Mr. Stephens, and he had some broken—he had a fracture, some fractures in his face as a result of that assault?

MR. DAVIS: Yes.

THE COURT: Okay. And you're doing that—I understand that the purpose here is to have this case resolved so that you're able to have this case behind you, but I want to make sure that this is your decision. You agree to those facts?

MR. DAVIS: Yes.

*Pet.'s Ex. 2* at 14–17. The court accepted Mr. Davis's plea and imposed the agreed-upon sentence.

This petition for post-conviction relief followed, seeking vacatur of sentence on multiple grounds. Mr. Davis moved for summary judgment on two claims. First, Mr. Davis claimed the trial court provided him with an inaccurate statement of the statutorily required mental state for aggravated assault during the plea colloquy. This rendered his plea involuntary under V.R.Cr.P. 11(c) and 11(f). Second, the facts that Mr. Davis did admit to regarding his mental state at the plea colloquy were so flawed, it could not support the sentencing he received for aggravated assault under V.R.Cr.P. 11(f).

This court denied the summary judgment motion, finding that the material facts in the light most favorable to the Commissioner showed Mr. Davis' plea was voluntary, and substantially complied with Rule 11. Therefore, as a matter of law, the facts did not entitle Mr. Davis to summary judgment. Mr. Davis has filed a motion for the court to reconsider this finding.

**Standard**

Under the Vermont Rules of Civil Procedure, the case is in an interlocutory phase until final judgment is entered. V.R.C.P. 54(b). While the case remains in an interlocutory phase, the court retains intrinsic authority to revisit its earlier decisions. *Myers v. LaCasse*, 2003 VT 86A, ¶ 11, 176 Vt. 29. It is typically called upon to do so by an ordinary motion for reconsideration. Rule 54 grants the court discretion, as interlocutory orders are "subject to revision at any time"

prior to entry of final judgment. V.R.C.P. 54(b); see *Drumheller v. Drumheller*, 2009 VT 23, ¶ 36, 185 Vt. 417. "As such, if the case properly falls within the ambit of Rule 54(b), the trial court has the discretion to reconsider and revise interlocutory rulings before issuing the final judgment." *Kneebinding, Inc. v. Howell*, 2018 VT 101, ¶ 32, 208 Vt. 578. The standards of reconsideration after final judgment also inform the court's review. "The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Rule 56(c)(1), shows that the record has been developed sufficiently, there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. V.R.C.P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994). The court derives undisputed facts from the parties' statements of fact and supporting documents. *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413. In assessing a motion for summary judgment, the Court views all facts and indulges all inferences in favor of the non-moving party. *Price v. Leland*, 149 Vt. 518, 521 (1988).

### Reconsideration of Summary Judgment

Mr. Davis argues that under Vermont case law, "substantial compliance" is not enough to support a plea and sentencing under V.R.Cr.P. 11(f). The standard is strict compliance, and Mr. Davis argues the undisputed material facts show the criminal court did not adhere to strict compliance with V.R.Cr.P. 11(f).

This court finds that Mr. Davis' reading of the standard is correct, and therefore the court will revisit its decision on summary judgment. The Vermont Supreme Court in *In re Bridger* stated that while substantial compliance may suffice for technical rule violations during the plea colloquy under Rule 11(c), it is the criminal court's ultimate role at sentencing to be assured a person makes a plea voluntarily and knowingly under Rule 11(f). *In re Bridger*, 2017 VT 79, ¶ 20, 205 Vt. 380. Not pleading to an element of the offense that is the basis of the plea agreement renders the plea involuntarily. *Id.*

It is "a constitutional imperative" for a plea to be voluntary and knowing. *In re Pinheiro*, 2018 VT 50, ¶ 12, 207 Vt. 466. This imperative is embodied in Vermont Rule of Criminal procedure 11(c), which sets forth the requirements for a plea colloquy, and 11(f), which sets forth the requirements for sentencing based on that colloquy. Rule 11(f) states "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." A defendant's guilty plea is not voluntary unless he admits on the record to facts supporting each element of the offense. See *In re Bridger*, 2017 VT 79, ¶¶ 22-24, 205 Vt. 380. "The requirement of Rule 11(f) involves an understanding by the defendant that the conduct admitted violates the law as explained to him by the court." *Id.* ¶ 11.

Mr. Davis pled to a charge of aggravated assault under 13 V.S.A. § 1024(a)(1). The statute states: "A person is guilty of aggravated assault if the person: (1) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 13 V.S.A. § 1024(a)(1).

While recklessness is a mental state which may support the charge, this was not the mental state envisioned by the plea agreement which resulted in Mr. Davis' current sentence. At the change of plea, the State rejected the idea that the plea agreement included the "reckless" mental state. *Pet.'s Ex. 2* at 16. The agreement was that Mr. Davis would plead to purposely or knowingly causing serious bodily injury to another. Mr. Davis, multiple times, denied intending to cause the serious bodily damage he admitted to causing. Mr. Davis did appear, as the criminal court noted, to be willing to admit to recklessly causing the injury, as the factual basis for the charge.

Recklessness and purposefulness are two different mental states. The statute includes the exact degree of recklessness required—that is recklessness with an extreme indifference to human life. 13 V.S.A. § 1024(a)(1). The inclusion of "purposely" in Vermont's Aggravated Assault Statute originated in the Model Penal Code. *State v. Trombley*, 174 Vt. 459, 461 (2002) (mem.). The definition of purposely in the Model Penal Code is:

> A person acts purposely with respect to a material element of an offense when:
> (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and
> (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

Model Penal Code § 2.02(2)(a). The court's statement that the assault "was not an accident . . . with regards to the resulting injury to Mr. [Stephens], that does not have to be the intentional to cause him, but by the strike of the blow of the assault that resulted in the serious bodily injury to him," *Pet.'s Ex. 2* at 17, even when looked at in the light most favorable to the Commissioner, at best conflates recklessness with purposefulness. Mr. Davis only agreed to a factual basis that stated his mental state lacked intention, and the actions which resulted from that state were not accidental. While tailoring the intent element based on the facts Mr. Davis was pleading to substantially complied with the procedural requirements for a plea colloquy under 11(c), the inaccuracy of the court's statement is not enough for the strict compliance of establishing the factual basis of the elements.

Purposely in the assault statute requires "a conscious object" and "aware[ness] of the existence of such [attendant] circumstances." Model Penal Code § 2.02[2](a). Awareness and consideration is emphasized in the definition. The court's explanation of the factual basis of Mr. Davis' intent—unintentionally but not accidentally—does not fit the idea that assault was Mr. Davis' conscious object. Mr. Davis' subsequent statement of "I agree that I assaulted him

purposely, yes[,]" could not have been fully informed by the preceding discussion of what purposely meant in his particular case. *Pet.'s Ex. 2* at 17. Therefore, the plea colloquy in this case violated Rule 11(f), as the court did not ensure that Mr. Davis was admitting to the factual basis of his plea. Mr. Davis' plea was not knowing and voluntary as a result.

## Relief

Under the summary judgment rules which apply to this case, "[i]f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." V.R.C.P. 56(g). Mr. Davis has asked for relief in the form of vacating his conviction. There is another pending claim on which relief could be granted, but for which the record has not been fully developed. Given the nature of the second claim, the court reserves ruling on the appropriate relief until all of the claims have been litigated.

For the purposes of the ongoing litigation, it is deemed undisputed in this case that: (1) Mr. Davis did not admit to the factual basis of a purposeful intent for an aggravated assault charge during the plea colloquy in Docket 77-1-19 Bncr. (2) The sentencing court never stated the proper intent for the purpose of a plea to "purposely, knowingly" assault a person when reviewing the factual basis of the plea with Mr. Davis.

## Order

Petitioner's Motion 6 is granted.

The decision on Petitioner's Motion 4 is vacated, and Motion 4 is granted.

**Signed electronically April 1, 2026 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**